2016 AUG -1 AM 9:20



IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

STATE OF WASHINGTON,     )
    )   No. 72251-4-I
    Respondent,     )
    )   DIVISION ONE
    v.     )
    )
HOWARD LEE ROSS,     )   UNPUBLISHED OPINION
    )
    Appellant.     )   FILED: August 1, 2016
    )

BECKER, J. — After a trial where the jury and court heard the evidence simultaneously, the jury acquitted Howard Ross of assault and found that he was not armed with a firearm at the time of the assault. The next day, the trial court found him guilty of unlawful possession of a firearm. Because the trial court based its verdict on testimony that Ross possessed a gun earlier in the night, before the assault, the verdicts were not inconsistent and the issues were not identical. We affirm.

## FACTS

On January 22, 2014, around 2 a.m., Kenneth Jones was in the Central District of Seattle when someone shot him. Jones was in a coma for about two weeks. When he awoke, he had no memory of the shooting.

Two months later, on March 26, Jones's aunt visited him in the hospital. She told him she heard that the shooter was someone who had received a big settlement. According to Jones, this information triggered his memory of the shooting and enabled him to identify Howard Ross as the shooter.

The next day, March 27, the State charged Ross with assault in the first degree and alleged that at the time of the assault, he was armed with a firearm. The State also charged Ross with unlawful possession of a firearm in the first degree.

Ross waived his right to a jury trial on the charge of unlawful possession of a firearm. The assault charge proceeded to jury trial. The court and the jury heard the evidence simultaneously.

On June 12, 2014, the jury found Ross not guilty on the assault charge. The jury had been given a special verdict form which asked, "Was the defendant HOWARD LEE ROSS armed with a firearm at the time of the commission of the crime in Count 1?" Although this question was superfluous after the jury found Ross not guilty on count 1, the jury answered it with a "no."

The next day, the court found Ross guilty on the charge of unlawful possession of a firearm.

Ross moved to arrest judgment, arguing there was insufficient evidence to conclude that he possessed a firearm within the meaning of the statute. The court denied the motion.

On July 25, 2014, the court sentenced Ross and entered findings of fact and conclusions of law supporting the conviction. Ross appeals.

INCONSISTENT VERDICTS AND COLLATERAL ESTOPPEL

Ross argues that the court's conclusion of guilt on the charge of unlawful possession of a firearm was barred by collateral estoppel and inconsistent with the jury's verdict of not guilty on the assault charge.

The party asserting collateral estoppel must show that the issue decided in the prior adjudication is identical with the one presented in the second action. State v. Williams, 132 Wn.2d 248, 253-54, 937 P.2d 1052 (1997). Examination of the trial testimony and court's findings reveals that the issues were not identical, nor was the court's decision inconsistent with the jury's acquittal.

At trial, Jones testified that on the night of the shooting he was at a bar in downtown Seattle drinking and using cocaine. He left the bar in pursuit of more cocaine. As he was walking down the street, he ran into Ross, a person he had known since childhood. Ross was driving a red Corvette. Jones got into the car. He testified that Ross had a "chrome gun" in the center car console. He said he asked to see the gun, but Ross refused to show it to him and moved the gun from the center console to a pocket on the driver's side door.

Jones testified that Ross drove around downtown and eventually parked the car at a house in the Central District, where Ross said he was going to get more cocaine. Jones said that Ross took the gun into the house while he waited in the car, and when Ross returned, he had the gun on his hip. He testified that he was getting out of the car when Ross shot him, pushed him out of the car, and drove off. Jones was found lying on the ground near a street in the Central District, almost dead. He has a spinal cord injury caused by the bullet.

The court's conclusion of guilt was not based on a finding that Ross shot Jones or was armed at the time of the shooting. The court's conclusion that Ross unlawfully possessed a gun was based on its finding that Jones was credible when he testified that Ross possessed a gun earlier in the evening, *before the shooting*. The trial court found:

> Kenneth Jones testified that on January 22, 2014 he was driven around that evening by the defendant in a red corvette with black interior, and that he observed the defendant Ross to be in possession of a chrome gun, which he described as a 9mm or 45 mm. He said the defendant periodically moved the gun around in the car, as well as placed it on his person when leaving the car. He also would not allow Jones to look at it when he asked.
>
> . . . .
>
> . . . The court finds Jones to be credible.

The jury could have reasonably doubted that Ross shot Jones for any number of reasons. Whether Ross possessed a gun earlier in the evening is a different question, one the jury was not asked to decide. For this reason, the court's decision was not inconsistent with the jury's acquittal on the assault charge or with the special verdict that Jones was not armed with a firearm at the time of the shooting. Ross could have possessed a firearm that night before the assault, as described by Jones, yet not have been the person who later shot Jones.

For much the same reason, the issues are not identical. The elements of the two crimes—assault and unlawful possession of a firearm—are distinct. Compare RCW 9A.36.011 (assault in the first degree), with RCW 9.41.040(1) (unlawful possession of a firearm in the first degree). The jury's verdict determined that the State had not proven beyond a reasonable doubt that Ross

shot Jones or that Ross was armed with a firearm when the shooting occurred. But the verdict did not rule out the possibility that Ross possessed a firearm earlier that night. Whether Ross shot Jones, or whether Ross was armed at the time of the shooting, is not an identical issue to whether Ross possessed a firearm earlier that night. This is not a "hypertechnical" approach but reflects "realism and rationality." Ashe v. Swenson, 397 U.S. 436, 444, 90 S. Ct. 1189, 25 L. Ed. 2d 469 (1970).

Ross appears to argue the court was estopped from finding him guilty because the State at no time alleged or argued that the firearm used in the assault was different from the firearm Ross possessed in the car. But Ross cites no authority for the proposition that a trial court acting as a fact finder is confined by the prosecutor's presentation or theory. The conviction is supported by the evidence.

We conclude the conviction is not barred either by collateral estoppel or by inconsistency with the jury verdict of acquittal on the assault charge.

SUFFICIENCY OF THE EVIDENCE

Ross contends there was insufficient evidence that he possessed a firearm as defined by RCW 9.41.010(9). The test for determining the sufficiency of the evidence is whether, after viewing the evidence in the light most favorable to the State, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. State v. Hosier, 157 Wn.2d 1, 8, 133 P.3d 936 (2006). An appellant claiming insufficiency of the evidence admits the truth of the State's evidence and all inferences reasonably drawn from it. State v.

Salinas, 119 Wn.2d 192, 201, 829 P.2d 1068 (1992). Circumstantial and direct evidence are equally reliable, and we defer to the trier of fact on witness credibility and persuasiveness of the evidence. State v. Thomas, 150 Wn.2d 821, 874-75, 83 P.3d 970 (2004).

A firearm is defined as "a weapon or device from which a projectile . . . may be fired by an explosive such as gunpowder." RCW 9.41.010(9). Ross argues there was insufficient evidence to establish the operability of the firearm.

A firearm need not be operable during the commission of a crime to constitute a "firearm" within the definition of RCW 9.41.010(9). State v. Faust, 93 Wn. App. 373, 376, 967 P.2d 1284 (1998); State v. Raleigh, 157 Wn. App. 728, 734, 238 P.3d 1211 (2010), review denied, 170 Wn.2d 1029 (2011); State v. Wade, 133 Wn. App. 855, 873, 138 P.3d 168 (2006), review denied, 160 Wn.2d 1002 (2007). Instead, the relevant question is whether the firearm is a "gun in fact," or a real gun, rather than a "toy gun." Faust, 93 Wn. App. at 380; Raleigh, 157 Wn. App. at 734.

The State need not introduce the actual firearm into evidence at trial; witness testimony alone may provide sufficient evidence. State v. McKee, 141 Wn. App. 22, 30-32, 167 P.3d 575 (2007), review denied, 163 Wn.2d 1049 (2008). The evidence was sufficient to support the finding that the defendant had a real gun when the victim described the gun in detail, said there was no question in her mind that it was a real gun, and said the defendant threatened to use the gun. State v. Bowman, 36 Wn. App. 798, 803, 678 P.2d 1273, review denied, 101 Wn.2d 1015 (1984). Circumstantial evidence was also sufficient to

support a finding that the defendant had a real gun where robbery victims described the gun in detail. State v. Mathe, 35 Wn. App. 572, 581-82, 668 P.2d 599 (1983), affirmed, 102 Wn.2d 537 (1984).

Here, the trial court entered a specific finding of fact that Ross possessed a real gun: "Based upon Jones' observation of the gun, and the manner in which the defendant handled it, taking it with him when leaving the vehicle, and refusing to let Jones handle it, the court finds the gun was a firearm, capable of being fired." The trial court found Jones credible. We conclude the evidence was sufficient to satisfy the definition of "firearm."

## STATEMENT OF ADDITIONAL GROUNDS

Ross claims that the standard of proof beyond a reasonable doubt was not met because the trial court did not know whether or not the gun that was the basis of his conviction was the same gun used to shoot Jones. He similarly claims that the charging document was insufficient because it did not make him aware of any allegation of a second gun, and that his right to due process was violated because the court convicted him of possessing a gun which may not have been the one used to shoot Jones.

These arguments do not warrant review. The State was not required to prove that different guns were used in the two crimes. Whether the gun Ross was convicted of possessing was used to shoot Jones is not an element of the crime. See RCW 9.41.010 (elements of unlawful possession of a firearm in the first degree do not specify that firearm must be different from firearm allegedly used in another charged incident).

7

Ross alleges that the prosecutor and the judge let their personal beliefs about the shooting overtake their duties as court officers. He has not pointed to any part of the record that supports this claim.

Affirmed.

_____ Becker, J.

WE CONCUR:

_____ Leach, J.

_____ Schindler, J.